FILED

APR 1 0 2013

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Darrell J. Harper,                           )
                                             )
                Plaintiff,                   )
                                             )
        v.                                   )      Civil Action No.    13- 463
                                             )
State of Texas,                              )
                                             )
                Defendant.                   )

MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application

to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the

complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the

court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff is a prisoner at the Travis County Correctional Complex in Del Valle, Texas. He

sues the State of Texas for "failure to protect [him] from racial discrimination." Compl. at 1.

Plaintiff seeks $100 million in damages. *Id.* at 4. The Eleventh Amendment to the U.S.

Constitution immunizes a state from suit in federal court, unless immunity is waived.[1] *See*

*College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675-76

(1999); *Keenan v. Washington Metropolitan Area Transit Authority*, 643 F. Supp. 324, 327-28

(D.D.C. 1986) (citing cases). A waiver is found "only where stated 'by the most express

---

[1] The amendment provides in pertinent part: "[t]he judicial power of the United States shall not
be construed to extend to any suit in law or equity, commenced or prosecuted against one of the
United States by Citizens of another State." U.S. Const. amend. XI. It is long established that
this amendment applies equally to suits brought by citizens against their own states. *See*
*Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *Hans v. Louisiana*, 134 U.S. 1, 13-15 (1890).

1

language or by such overwhelming implications from the test as [will] leave no room for any other reasonable construction.' " *Morris v. Washington Metropolitan Area Transit Authority*, 781 F.2d 218, 221 (D.C. Cir. 1986) (internal citations omitted).

Plaintiff sues under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Compl. at 1. *Bivens* creates a cause of action against federal officials shown to have violated an individual's constitutional rights while acting under color of federal authority; it has no application to state action. Hence, this case will be dismissed. A separate Order of dismissal accompanies this Memorandum Opinion.

United States District Judge
J. Rosberg

April ___3___, 2013